UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric J. Edner, | Case No. 19-cv-2485 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Redwood County District Attorney's Office, et al. | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

For the following reasons, the Court recommends that this action be dismissed without prejudice due to the fugitive-disentitlement doctrine, and that the IFP Application be denied.

**I.   Background**

The thrust of the Complaint concerns a state-court criminal case involving Plaintiff. (See, e.g., Compl., [Docket No. 1]).[1] On September 5, 2015, the State of Minnesota charged Plaintiff with seven crimes: one count of third-degree criminal sexual conduct; two counts of fifth-degree controlled-substance crime; one count of committing a crime while wearing or possessing a bullet-resistant vest; one count of carrying a weapon without having a permit; one count of possessing

---

[1] The criminal case that Plaintiff cites here is No. 64-CR-15-649. (See, Compl. [Docket No. 1]). However, this cite actually is not Plaintiff's state court case; instead, it is a state court criminal action against Ryan Edner, who appears to be Plaintiff's brother. See, Register of Actions, State v. Edner, No. 64-CR-15-649 (hereinafter the "Ryan Edner Docket"). For his part, Ryan Edner has also filed an action in this Court that is similar to Plaintiff's and which also—apparently accidentally—cites his brother's state-court case instead of his own. See, Edner v. Redwood Cty. Dist. Attorney's Office, No. 19-cv-2486 (SRN/LIB) (D. Minn. Sept. 9, 2019). Given all this, the Court construes Plaintiff's reference to Case No. 64-CR-15-649 to be a typographical error—that is, the Court construes Plaintiff to be raising purported issues about his own state-court criminal case—Case No. 64-CR-15-648—not his brother's.

ammunition or a firearm while being a controlled-substance user; and one count of contributing to the delinquency of a minor. See, Register of Actions, State v. Edner, No. 64-CR-15-648 (State-Court Docket).[2]

Plaintiff's state court criminal case appears to be ongoing in the Redwood County District Court. See, Id. According to the docket entries in that case, Plaintiff failed to appear at a hearing in September 2017, a warrant was issued for his arrest, and that September 2017, warrant is still outstanding. See, Id. (entries on Sept. 25, 2017; red "W" by Plaintiff's name in docket caption); Warrant, State v. Edner, No. 64-CR-15-648 (Minn. Dist. Ct. Sept. 26, 2017).

In the present civil case, the Complaint alleges that the various Defendants "have recklessly and intentionally conspired to deprive . . . Plaintiff of his Civil and Constitutional rights." (Compl., [Docket No. 1], at 1). The named Defendants include various county agencies, police officers, and prosecutors involved in Plaintiff's prosecution; the state-court judge overseeing that proceeding; and various defense attorneys (private, as well as, government-appointed) that have represented or presently represent Plaintiff in that action. (See, Id. at 51).

Fundamentally, the Complaint here seeks to raise constitutional concerns about numerous aspects of the investigation leading to the charges being brought against Plaintiff; his charging and prosecution in state court; judicial handling of Plaintiff's case; and his attorneys' handling of his defense. For this last set of claims, Plaintiff alleges that his various defense attorneys intentionally conspired with other governmental actors to infringe Plaintiff's constitutional rights.

As relief, Plaintiff seeks "[f]ederal [i]njunctive [r]elief against state court criminal proceedings," as well as, $30 million in damages from the various government-employed

---

[2] The state-court records for State v. Edner, 64-CR-15-648 cited in this Report and Recommendation are not attached to any of the present filings. They are publicly accessible, however, and this Court may take judicial notice of public court records. See, e.g., Bellino v. Grinde, No. 18-cv-1013 (NEB/LIB), 2019 WL 368398, at *1 n.1 (D. Minn. Jan. 30, 2019) (citing cases).

Defendants. (Id. at 49). This damages request appears to include damages claims against Plaintiff's state-appointed counsel. (See, Id. at 49–50) (discussing damages for four retained attorneys separately). As for the various Defendants who are private defense attorneys, Plaintiff appears to demand $250,000.00 in damages from each of them, and he asserts that they should all be disbarred "for life" and face criminal charges. (See, Id. at 49–50).

**II.    Analysis**

Because there is an outstanding state court warrant for Plaintiff's arrest, this Court must determine whether the fugitive-disentitlement doctrine applies to this action.

The fugitive-disentitlement doctrine gives federal courts "a basis for dismissal in select criminal and civil cases." Barnett v. YMCA, Inc., 268 F.3d 614, 617 (8th Cir. 2001). This doctrine in its basic form lets "a court . . . dismiss a [criminal] defendant's appeal if he flees while [his] appeal is pending." Martin v. Mukasey, 517 F.3d 1201, 1204 (10th Cir. 2008). "The doctrine has its origin in the criminal context and arises from a court's inherent authority to protect its proceedings and judgments." Id. (citations omitted). The doctrine has its origins in and is traditionally applied to a criminal defendant who forfeits his right to appeal by escaping custody; however, Courts, including the Eighth Circuit of Appeals, have routinely also applied it in the civil context. See, e.g., Perko v. Bowers, 945 F.2d 1038, 1039–40 (8th Cir. 1991).

When deciding whether to apply the fugitive-disentitlement doctrine in a civil context, this Court proceeds in three steps. See, Hageman v. Morrison Cty. Sheriff's Office, No. 18-cv-1005 (JNE/LIB), 2018 WL 7050677, at *2–6 (D. Minn. Dec. 18, 2018), report and recommendation adopted, 2019 WL 234777 (D. Minn. Jan. 16, 2019). First, the Court needs to determine whether the plaintiff "is a fugitive from justice." Id. at *3. Second, the Court considers whether the plaintiff's fugitive status "is connected to the pending civil action." Id. at *4 (citing Barnett, 268

3

F.3d at 617). And, third, if the answer to both of the previous questions is in the affirmative, then the Court looks at various other factors to decide whether to exercise its discretion and apply the fugitive-disentitlement doctrine. See, Id. at *4–6.

### A. Fugitive from Justice

The Court first addresses whether Plaintiff is a fugitive from justice.

The "intent to flee from prosecution or arrest may be inferred from a person's failure to surrender to authorities." In re Assets of Martin, 1 F.3d 1351, 1356 (3d Cir. 1993). A person can constructively flee a jurisdiction by deciding not to return to it. See, Id. Courts generally require clear evidence that the person to be sanctioned has fled or is in hiding. See, e.g., Bhasin v. Gonzales, 423 F.3d 977, 988–89 (9th Cir. 2005); Antonio-Martinez v. I.N.S., 317 F.3d 1089, 1093 (9th Cir. 2003) (stating that "Antonio-Martinez has been gone for well over two years" and that, "[b]y all appearances, he is not coming back").

This case presents clear evidence that Plaintiff is a fugitive from justice. The Register of Actions in his state court criminal case indicates that a currently outstanding warrant applies to him. Furthermore, state court records show that this warrant was issued in September 2017—well over two years ago—after Plaintiff failed to appear at a hearing in his state criminal case. Nothing in the State Court Docket suggests that Plaintiff ever presented himself to the Redwood County Court after it issued that warrant. Given these materials, the Court concludes that Plaintiff is a fugitive from justice for purposes of the fugitive-disentitlement doctrine.

### B. Fugitive-Status Connection to Pending Civil Action

The Court next considers whether Plaintiff's fugitive status is connected to the pending civil action. It plainly is. Indeed, it would be difficult to find a case where the connection is tighter. Through this action, Plaintiff seeks to have this Court resolve various constitutional law arguments

4

concerning his pending state court criminal case from which he has fled and has become a fugitive. On this basis, the Court finds that Plaintiff's fugitive status is connected to the pending civil action.[3]

### C. Whether to Exercise Discretion

This Court has recently discussed the third set of factors relevant to determining whether a Court should exercise its discretion under the fugitive-disentitlement doctrine:

> When deciding whether to exercise this discretion, relevant factors include (1) the risk of delay or frustration in determining the merits; (2) the danger that a judgment will be unenforceable; (3) the risk of compromising a subsequent criminal prosecution; (4) the indignity visited upon the court; and (5) the need to deter flight from prosecution. However, a court should exercise discretion in determining whether to dismiss a case based on the circumstances of each individual case. Indeed, "[p]rinciples of deference counsel against using this inherent authority and require its use only as a reasonable response to the problems and concerns that provoke it." The rationales for this doctrine include the difficulty of enforcement against one not willing to subject himself to the court's authority, the inequity of allowing that "fugitive" to use the resources of the courts only if the outcome is an aid to him, the need to avoid prejudice to the nonfugitive party, and the discouragement of flights from justice.

Hageman, 2018 WL 7050677, at *3 (citations omitted).

In the present case, the Court finds that the balance of these factors favors applying the fugitive-disentitlement doctrine. The Court finds persuasive the decision and rational of Hagemen, supra.

---

[3] Indeed, given this tight connection between this federal court civil case and Plaintiff's pending state criminal case, it is quite likely that even if the fugitive-disentitlement doctrine did not apply here, this Court would lack subject matter jurisdiction over this case based on the doctrine of Younger abstention. See, Geier v. Mo. Ethics Comm'n, 715 F.3d 674, 678 (8th Cir. 2013) (stating that under Younger abstention, "courts should not exercise federal jurisdiction where '(1) there is an ongoing state proceeding, (2) which implicates important state interests, and (3) there is an adequate opportunity to raise any relevant federal questions in the state proceeding.'" (quoting Plouffe v. Ligon, 606 F.3d 890, 892 (8th Cir. 2010))).

In <u>Hageman</u>, the plaintiff brought a 42 U.S.C. § 1983 action claiming that his constitutional rights were violated by the conditions of his confinement while he was a pretrial detainee at a county jail. <u>See</u>, <u>Id.</u> at *1. After the plaintiff was convicted, he was released on bond and failed to appear at his sentencing hearing which led to the state court issuing a bench warrant for his arrest. <u>See</u>, <u>Id.</u> After noting the factors discussed above, this Court concluded that:

> Ultimately, the present case illustrates the fundamental considerations undergirding the fugitive disentitlement doctrine. That is, Plaintiff's absence calls into question the efficacy of any order or judgment issued by this Court if this civil matter proceeds; it poses a significant risk of delaying or frustrating the Court's consideration of the merits of Plaintiff's claims; and it constitutes an affront to the judicial process.

<u>Id.</u> at *6 (citation omitted).

If anything, the present matter presents a clearer case for applying the fugitive-disentitlement doctrine. In <u>Hageman</u>, the plaintiff's § 1983 action post-conviction but before sentencing challenged conditions of his pretrial confinement. Here, in contrast, Plaintiff's § 1983 action is a straightforward challenge to the investigation and ongoing prosecution of the state criminal charges itself pending against him but from which he has fled.

Given that the underlying rationales for the fugitive-disentitlement doctrine squarely apply to this case, the undersigned recommends the present action be **dismissed without prejudice**.[4]

### D.   IFP Application

Given the undersigned's recommendation that the present action be dismissed, the undersigned further recommends that the IFP Application be denied as moot.

---

[4] The Court notes that under certain circumstances a dismissal pursuant to the fugitive-disentitlement doctrine can be a dismissal with prejudice. <u>See</u>, <u>Hageman</u>, 2018 WL 7050677, at *6–7. In the present case, however, the Court finds that dismissal without prejudice is the proper course of action. Plaintiff raises a number of claims in his Complaint which could be more properly raised in his underlying state-court criminal proceeding if he were to ever again physically come under state criminal court authority.

6

### III. Conclusion

Therefore, based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED without prejudice**; and

2. Plaintiff Eric J. Edner's Application to Proceed in District Court Without Prepaying Fees or Costs, [Docket No. 2], be **DENIED as moot**.

Dated: February 26, 2020         s/Leo I. Brisbois
                                 Leo I. Brisbois
                                 United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).