## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric J. Edner, | Case No. 0:19-cv-2485-SRN-LIB |
| Plaintiff, | |
| v. | **ORDER** |
| Redwood County District Attorney's Office, et al., | |
| Defendants. | |

Eric J. Edner, 730 5th St. N. #402, Breckenridge, MN 56520, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Eric J. Edner's Objection [Doc. No. 5] to the Report and Recommendation ("R&R" [Doc. No. 4]) of Magistrate Judge Leo I. Brisbois, dated February 26, 2020. In the R&R, Magistrate Judge Brisbois recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees and Costs ("Motion for In Forma Pauperis ("IFP") Status") [Doc. No. 2] be denied, and the action be dismissed without prejudice. For the reasons set forth below, the Court overrules Plaintiff's Objection and adopts the R&R, as modified.

### I.    BACKGROUND

Plaintiff brings this § 1983 action against numerous defendants, all of whom appear to be involved in his underlying state court criminal case in Redwood County, Minnesota,

No. 64-CR-15-648.[1] As stated in the Complaint, the underlying criminal case is "ongoing." (*See* Compl. [Doc. No. 1] at 1) ("On or about September 1st, 2015 and continuing through the present day, the Plaintiff has been involved in an ongoing Criminal Case #64-CR015-64[8] in which the Defendants have recklessly and intentionally conspired to deprive the Plaintiff of his Civil and Constitutional Rights."); *see also* Obj. at 8 ("The Plaintiff did not file [a] civil complaint to avoid prosecution, he did it to guarantee a fair trial and for the Federal Court's protection from the State Court's deprivation of the Plaintiff's rights, to be heard before a plea hearing was to take place[.]").

After Edner filed the Complaint and Motion for IFP status, the magistrate judge reviewed the Complaint to see if Edner had stated a cause of action on which relief could be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). Magistrate Judge Brisbois found that because there is an outstanding warrant for Plaintiff's arrest, the fugitive-disentitlement doctrine applies, and warrants the dismissal of Edner's case. (R&R at 1.) Alternatively, the magistrate judge found it quite likely that even if the fugitive-disentitlement doctrine does not apply, the

---

[1] As the magistrate judge observed, Eric Edner's brother, Ryan Edner, was also charged with criminal conduct in Redwood County. Ryan Edner's state court case number is 64-CR-15-649, which is the case number that Eric Edner references in his Complaint here. Ryan Edner has also filed an action in this Court that is similar to Plaintiff's and which appears to mistakenly cite Eric Edner's underlying state court case number instead of his own. *Edner v. Redwood Cty. Dist. Attorney's Office*, No. 19-cv-2486 (SRN/LIB) (D. Minn. Sept. 9, 2019), Doc. No. 1. The Court agrees with Magistrate Judge Brisbois that these citations appear to be typographical errors, and the Court construes the state court case numbers to correspond to the correct plaintiffs here.

Court would lack subject matter jurisdiction over this case based on the doctrine of *Younger* abstention, as the underlying case is ongoing.  (*Id.* at 5 n.3.)

Edner argues that the authority on which the magistrate judge relies in support of the fugitive-disentitlement doctrine is factually inapposite.  (Obj. at 1–6; 8.)  He further contends that the magistrate judge's references to the underlying criminal case docket are improper, as the Complaint questions the authenticity of the docket.  (*Id.* at 7.)

As to *Younger* abstention, Edner argues that it is inapplicable, as he has not had an adequate opportunity to raise relevant federal questions in the state proceedings.  (*Id.* at 9.)  And even if *Younger* abstention might otherwise apply, he argues, the extraordinary circumstances of his case do not warrant abstention.  (*Id.*)  Finally, he asserts that as a matter of public policy, the potential for state court bias favors the availability of a federal forum, and disfavors abstention.  (*Id.* at 10–11.)

## II.    DISCUSSION

### A.  Standard of Review

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made.  Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

As noted, a person who is unable to pay the filing fees in a civil action in federal court may apply for IFP status  28 U.S.C. § 1915.  Notwithstanding any filing fee, "the court shall dismiss the case at any time if the court determines that. . . the action or appeal . . . fails to state a claim on which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).  In evaluating whether an action states a claim under § 1915(e)(2)(B)(ii), courts apply the same

3

legal standard used when ruling on a motion to dismiss under Rule 12(b)(6). *Goodroad v. Bloomberg*, 129 F.3d 121 (8th Cir. 1997) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994) (per curiam)).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the pleading to be true and construes all reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts that the plaintiff alleges. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

When considering a motion to dismiss under Rule 12(b)(6), "the court generally must ignore materials outside the pleadings." *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). Courts may, however, "consider some materials that are part of the public record or do not contradict the complaint as well as materials that are necessarily embraced by the pleadings." *Id.* (quotations and citation omitted); *see also Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011) ("In addressing a motion to dismiss,

the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." (quotation omitted)).

### B.  Underlying State Court Criminal Proceedings

Edner's grievances concerning the state court criminal case form the entire basis for his § 1983 claims here. His 57-page Complaint alleges instances of misconduct and constitutional violations stemming from the underlying case. Accordingly, when considering whether Edner has stated a claim on which relief can be granted, it is entirely appropriate for the Court to rely on the publicly available state court docket, as a matter of public record, and because it is embraced by the pleadings. *Porous Media Corp.*, 186 F.3d at 1079; *Illig*, 652 F.3d at 976. The magistrate judge relied upon the underlying docket primarily to determine the status of those proceedings, as well as to obtain basic factual information, such as the charges against Edner. (*See* R&R at 1–2.) Edner argues that the Court should not consider the state court docket, which reflects the state's "fraudulent and manufactured criminal case evidence," and he challenges its "authenticity." (Obj. at 6–7.) The Court disagrees.  Irrespective of Edner's claims regarding whether the underlying charges are valid or about his treatment in the state court proceedings, basic information, such as the charges against him and the status of the underlying proceedings, are matters of public record, beyond dispute.  Again, the magistrate judge relied on the state court docket to recite basic factual information and to understand the procedural posture of proceedings in Redwood County.

Notably, Edner pleads in the Complaint that the underlying criminal proceedings are "ongoing." (Compl. at 1.)  In fact, the state court docket for his criminal case indicates

that the seven charges against him are "pending disposition." *State of Minnesota v. Eric Edner*, No. 64-CR-15-648, Register of Actions. The State of Minnesota charged Edner with one count of third-degree criminal sexual conduct; two counts of fifth-degree controlled-substance crime; one count of committing a crime while wearing or possessing a bullet-resistant vest; one count of carrying a weapon without having a permit; one count of possessing ammunition or a firearm while being a controlled substance user; and one count of contributing to the delinquency of a minor. *Id.*

### C. *Younger* Abstention

The magistrate judge's alternative finding concerning the likely application of *Younger* abstention informs the Court's decision here. (R&R at 5 n.3.) Under *Younger* abstention doctrine, "federal courts should abstain from exercising their jurisdiction if (1) there is an ongoing state proceeding, (2) that implicates important state interests, and (3) that provides an adequate opportunity to raise any relevant federal questions." *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1249 (8th Cir. 2012) (citing *Plouffe v. Ligon*, 606 F.3d 890, 894–95 (8th Cir. 2010)). Each of these elements is present here. First, the state court docket reflects that the underlying criminal charges are "pending disposition." *State of Minnesota v. Eric Edner*, No. 64-CR-15-648, Register of Actions. Nor does Edner dispute that the state court action is ongoing—to the contrary, he expressly alleges that it is ongoing, (Compl. at 1), and he seeks to enjoin those proceedings. (*Id*. at 49.) The issues here overlap with those in state court, as they relate to his claims of constitutional violations in the underlying criminal case.

As to whether the ongoing state court case implicates important state interests, the Court finds that it does.  The charges here—four of which are felonies—implicate the state's interest in criminalizing certain sexual conduct, controlled substance offenses, and the commission of offenses while wearing a bullet-resistant vest.  In addition, the gross misdemeanor charges implicate the state's interest in ensuring that persons who possess firearms and ammunition are eligible to do so and that adults do not contribute to the delinquency of minors.

Finally, as to whether Edner has had an adequate opportunity to raise any relevant federal questions, the Court finds that he has.  The Complaint here alleges investigative and procedural misconduct, much of which could form the basis of pretrial criminal motions to challenge any constitutional violations. To the extent that Edner's counsel considered these issues, and/or raised them and lost, simply means that the arguments were rejected and Edner failed to prevail.  That does not mean that he lacked an opportunity to raise constitutional claims.

In the underlying criminal proceedings, the parties are expected to abide by the Minnesota rules governing criminal proceedings, which dictate the orderly progression of criminal cases.  Simply because Edner may have filed materials that fall outside the bounds or deadlines of those proceedings, or wished to raise or reassert constitutional arguments in the context of a plea hearing, does not mean that he lacked an opportunity to raise federal questions at the appropriate times.  Moreover, to the extent that he seeks to challenge the state court proceedings, the state court appellate system is available after the conclusion of his district court case.

Edner also argues that the Court should retain jurisdiction due to "extraordinary circumstances," (Obj. at 9), "given the erroneous Civil and Constitutional Deprivation of Rights, including the crimes committed by the State." (*Id.*)  To the extent Edner argues that the bad faith exception to *Younger* abstention applies, *see Plouffe*, 606 F.3d at 893, in this context, the exception applies only where the prosecution was brought "with no hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971).  Based on Plaintiff's allegations and the Court's review of the underlying docket, the Court finds insufficient evidence of bad faith or extraordinary circumstances to warrant this Court's intervention in ongoing state proceedings.  Accordingly, no exception to the *Younger* abstention doctrine is applicable, and Plaintiff's action is dismissed without prejudice based on *Younger* abstention. *.See Curd v. City of Searcy, Ark.*, 739 Fed. App'x 359 (8th Cir. 2018) (affirming dismissal without prejudice on grounds of *Younger* abstention in § 1983 action).

Because the Court finds that Edner's Complaint is subject to dismissal without prejudice on this basis, the Court declines to address the magistrate judge's other basis for dismissal under the fugitive-disentitlement doctrine.  Accordingly, the Court adopts the R&R, as modified, and overrules Plaintiff's Objection.

**III. ORDER**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Report & Recommendation dated February 26, 2020   [Doc. No. 4] is **ADOPTED**, as modified;

2.  Plaintiff's Objection [Doc. No. 5] is **OVERRULED**;

3.  Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs

    [Doc. No. 2] is **DENIED AS MOOT**; and

4.  This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated:  May 7, 2020                          s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge